# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

D.P.L. ENTERPRISES, INC.,

    Plaintiff,

v.

GREEN AIR DIRECT, INC.,

    Defendant.

2:10-CV-1241 JCM (RJJ)

## ORDER

Presently before the court are two motions by plaintiff. Defendant has not filed a response to either motion. The first motion is plaintiff's emergency motion for an order to show cause why defendant should not be held in contempt for violating this court's order. (Doc. # 23). The second motion is plaintiff's emergency motion for order commanding turnover of defendant's domain name.[1]

**I.  Background**

Plaintiff and defendant operate competing air filtration businesses. In early 2010, plaintiff discovered that defendant was infringing plaintiff's copyrighted brochures, labels, website design, and customized online shopping cart functionality – causing apparent consumer confusion and damages to plaintiff and its business. Plaintiff then filed this lawsuit.

. . .

---

[1] Document numbers 23 are 24 are identical documents. The two motions seek the same relief.

**James C. Mahan**
**U.S. District Judge**

Defendant failed to appear and defend the suit. On November 29, 2010, the clerk entered a notice of default against defendant, followed by this court's entry of default judgment on February 10, 2011. (*See* docs. ## 9 & 12). The judgment directed defendant to pay plaintiff $35,000 in compensatory damages, $50,000 in punitive damages, and $6,803.24 for fees and costs. Also, the judgment prohibited defendant from using plaintiff's intellectual property, including the source code for plaintiff's website, plaintiff's online shopping cart, plaintiff' brochures, and plaintiff's filter labels.

After the judgment, the defendant continued to operate a website identical to plaintiff's website. Defendant's website was <www.greenairdirect.com>. Pursuant to Federal Rule of Civil Procedure 70, this court divested defendant of the infringing website and required the relevant domain name registries and domain name registrars to transfer ownership of the infringing domain to plaintiff. (*See* doc. # 19). Plaintiff served this court's order on defendant and the domain name was transferred to plaintiff.

Defendant is now operating another infringing website, <www.greenairdirectllc.com>, in direct violation of this court's order.

**II.     Discussion**

Federal Rule of Civil Procedure 70 provides that "if a judgment requires a party to . . . perform [ ] any specific act and that party fails to comply within the time specified, the court may order the act to be done – at the disobedient party's expense – by another person appointed by the court. When done, the act has the same effect as if done by the party." The rule also provides that the court "may enter a judgment divesting any party's title and vesting it in others. That judgment has the effect of a legally executed conveyance."

As this court has previously stated, "[i]n light of defendant's continued intransigence and exhibited contempt for this court's orders and these proceedings, and pursuant to Rule 70, this court finds it appropriate to divest defendant of the infringing website and requiring the relevant domain name registries and domain name registrar's to transfer ownership of the infringing domain name to the plaintiff." (Doc. # 19). This statement remains true.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  In this instance, plaintiff moves the court to go further in this order by (1) ordering the defendant to appear in court and show cause why they should not be held in contempt of court for directly violating this court's orders and (2) sanction defendant by fine and/or attorney's fees for having to bring the instant motion.

Plaintiff's arguments for contempt and sanctions are well taken at this time. Defendant has refused to litigate the lawsuit and at least twice violated court orders. However, the "court has wide latitude in determining whether there has been contemptuous defiance of its order." *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984). Further, courts "retain[ ] discretion to establish appropriate sanctions." *United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010).

Simply, court orders are to be complied with in their entirety. Court orders are not a minor obstacle to be circumvented in an attempt to continue unlawful activity. In the event that defendant continues such "continued intransigence" then the court will revisit its decision not to impose any sanctions or issue an order to show cause.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's emergency motion for order to show cause (doc. # 23) be, and the same hereby, is DENIED consistent with the foregoing.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff's emergency motion for order commanding turnover of defendant's domain name (doc. # 24) be, and the same hereby, is GRANTED consistent with the foregoing.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant is divested of all right, title and interest in and to the infringing domain name <www.greenairdirectllc.com>.

. . .

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the infringing domain <www.greenairdirectllc.com> be transferred to plaintiff as new owner.  The domain registry GoDaddy.com, LLC, and any other entity or individual with the authority and ability to affect this transfer, shall fully cooperate in the transfer of the infringing domain name <www.greenairdirectllc.com> to plaintiff D.P.L. Enterprises, Inc.

DATED December 4, 2012.

*[signature: James C. Mahan]*
_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -